Filed 6/11/21  P. v. Badillo CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE BADILLO,<br><br>        Appellant and Defendant. | A160603<br><br>(City & County of San Francisco<br>Super. Ct. No. SCN232035) |

Defendant Jose Badillo's appeal requests only that the court reduce the term of his probation from two years to one year in compliance with recently enacted legislation. The Attorney General agrees that defendant is entitled to the reduction.

On October 22, 2019, the San Francisco County District Attorney filed an information charging defendant with one count each of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), misdemeanor hit-and-run driving (Veh. Code, § 20002, subd. (a)), and misdemeanor falsely reporting a crime (Pen. Code, § 148.5, subd. (b)). After the close of evidence, the trial court granted defendant's motion to dismiss the hit-and-run count. The jury convicted defendant of misdemeanor false reporting but could not reach a verdict on the felony assault count. The trial court granted the prosecutor's motion to dismiss the assault count in the interests of justice and, on June 26, 2020, the court placed defendant on two years' probation. Defendant timely filed a notice of appeal.

Defendant's sole contention is that his probationary term must be reduced from two years to one year under Assembly Bill No. 1950 (2019-2020 Reg. Sess.), which

1

amended Penal Code section 1203.1 and became effective January 1, 2021. (Stats. 2020, ch. 328, § 2.) The new statute reduces misdemeanor probation terms to one year, with certain exceptions not applicable here. This court, and others, have held that the modifications to Penal Code sections 1203a and 1203.1 apply retroactively to cases not yet final on appeal. (*People v. Quinn* (2021) 59 Cal.App.5th 874, 879-885; accord, *People v. Sims* (2021) 59 Cal.App.5th 943, 955-964.) The Attorney General agrees.

Defendant requests that this court strike the additional year while the Attorney General argues that we should remand the matter to the trial court so that it can make "a necessary determination of the status of [defendant's] probation at the time it was terminated." However, this court has previously held that "[t]he court is not required to make a determination regarding dangerousness, the value of further probationary supervision, or any other consideration. Rather, the Legislature has made that determination. There is no indication in the legislative history that the Legislature was concerned with disruptions to probationary proceedings already in progress." (*People v. Quinn, supra,* 59 Cal.App.5th at p. 885; see also *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1079.) Hence, as in *People v. Quinn,* we may simply strike the additional year without need for a remand. Should defendant seek any additional relief, such as record expungement, he may of course file an appropriate motion in the trial court.

Defendant's term of probation is hereby reduced to one year. The judgment is affirmed in all other respects.

POLLAK, P. J.

WE CONCUR:

STREETER, J.
TUCHER, J.